# Exhibit "A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

 

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>SHACARA DUGANS</u>
Plaintiff

Case # <u>    2021 CA 001356    </u>
Judge <u>                          </u>

vs.
<u>FLORIDA DEPARTMENT OF HEALTH</u>
Defendant

 

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox        Fla. Bar # 739685
        Attorney or party           (Bar # if attorney)

Marie A Mattox           07/31/2021
  (type or print name)         Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

SHACARA DUGANS,

     Plaintiff,

v.

FLORIDA DEPARTMENT OF HEALTH,

     Defendant.

_____/

CASE NO.: 21-CA-  2021 CA 001356
FLA BAR NO.:0739685

## COMPLAINT

Plaintiff, SHACARA DUGANS, hereby sues Defendant, FLORIDA DEPARTMENT

OF HEALTH, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under the Family and Medical Leave Act (FMLA) of 1993,

codified at 29 U.S.C. §§2612, 2615.

2.    This is an action involving claims which are, valued individually, in excess

of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### PARTIES

3.    At all times pertinent hereto, Plaintiff, SHACARA DUGANS, has been a resident

of the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected

class because Defendant interfered with Plaintiff's ability to take leave under the FMLA and she

was the victim of retaliation following her use of FMLA protected leave.

4.    At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF

HEALTH, has been organized and existing under the laws of the State of Florida.  At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.   Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began her employment with Defendant on August 26, 2016 and held the position of Accountant Service Supervisor at the time of her wrongful termination on May 10, 2019.

7.      Plaintiff was subject to disparate treatment, different terms and conditions of employment, and was held to different standards after she took leave under the FMLA and after she filed a claim for compensation and benefits under Chapter 440, Florida Statutes.

8.      The retaliation came at the hands of specifically, but not limited to, Manager Melinda Marks, Finance and Accounting Director Nancy Quiney, and Chief of General Operations Robert Herron.

9.      On March 4, 2019, Plaintiff emailed Marks requesting leave for March 11, 2019 and March 18, 2019 over email on March 4, 2019 to care for her child with a serious medical condition. Subsequent to her request for leave, Melinda Marks excluded Plaintiff from discussions regarding the implementation process of a new computer system at work and included Julie Bell instead of Plaintiff.

10.     On or around March 11, 2019, Plaintiff was out on medical leave. While Plaintiff was out, Marks failed to inform the staff that Plaintiff would be absent and thus sabotaged the workday by inhibiting employees from receiving their work assignments.

2

11.     On or around March 13, 2019, Plaintiff met with Defendant's Human Relations personnel to discuss the troubles she was having with Marks.

12.     The Human Relations personnel informed Plaintiff that her manager should have offered Plaintiff FMLA leave due to her daughter's illness. Plaintiff informed Defendant that she needed FMLA leave to care for her minor child who has a serious medical condition/disabling condition that necessitates Plaintiff's presence during episodes.

13.     Minutes after Plaintiff's meeting with Human Relations ended, Human Relations emailed Marks informing her about Plaintiff's FMLA request.

14.     Immediately upon receiving the email, Marks entered Nancy Quaney's office and closed the door.  Subsequently, Marks marched into Plaintiff's office and demanded that she give her a doctor's note. Due to the way that Marks was acting towards Plaintiff, Plaintiff told Marks that she was making her feel uncomfortable.

15.     After Plaintiff submitted her FMLA request asking for leave due to her daughter's serious medical condition, Defendant's treatment of Plaintiff worsened. For example, Defendant refused to follow Defendant's practice to reassign Plaintiff's work to someone else while Plaintiff was on FMLA leave, which penalized Plaintiff for taking leave.

16.     Marks also did not ensure that there was follow up on a report that had been sent out during the time Plaintiff was out of the office and, when Plaintiff returned, Marks placed blame on Plaintiff, when it was actually Marks' failure that resulted in a problem with the report.

17.     In addition, on or around March 14, 2019, Defendant issued Plaintiff a frivolous written reprimand for making a mistake in using a new system even though it was only

3

Plaintiff's second time using the system and she had not yet become proficient with the new system.

18.     On or around March 18, 2019, Marks emailed and texted Plaintiff while she was out on sick leave badgering Plaintiff about turning in a doctor's note for the days she was out on approved leave, including March 11, 2019 and March 18, 2019.

19.     On March 19, 2019, Defendant issued Plaintiff a notice that she was eligible for FMLA leave, requesting certification to support her FMLA leave.

20.     Plaintiff delivered to Defendant medical certification from her child's physician on or around March 26, 2019, stating the child's medical needs in support of Plaintiff's FMLA leave documentation.

21.     On or around March 26, 2019, Defendant refused to inform staff that Plaintiff was out on sick leave and did not distribute work to employees who were present in the office.

22.     In addition, after receiving FMLA approval, Defendant imposed additional conditions of employment upon Plaintiff including but not limited to setting an out of office alert every time she was out on leave—Defendant did not subject other employees to this requirement.

23.     Defendant's harassment of Plaintiff worsened the next time Plaintiff attempted to request FMLA leave.

24.     Specifically, and without limitation, on or around March 29, 2019, Plaintiff requested leave for May 25, 2019, May 28, 2019, and June 10-14, 2019.

25.     Marks did not respond to Plaintiff's request until April 8, 2019, on which date Marks responded that Plaintiff had to resubmit her requests no more than thirty days in

4

advance for approval.

26.     Defendant also began to make unreasonable demands upon Plaintiff.

27.     Specifically, and without limitation, on or around April 4, 2019, Megan Shoemaker sent Plaintiff a spreadsheet on the day that it was due asking for additional information at the last minute. On that same day, Defendant assigned Plaintiff the new task of answering questions about the new computer system. In addition, Marks and Bell started directing additional calls and emails to Plaintiff.

28.     Plaintiff spoke with Manager Letisha Williams and Manager Brian Thompson about Melinda Marks' unfair treatment and unreasonable demands.

29.     On or around April 5, 2019, Marks verbally reprimanded Plaintiff for not immediately responding to emails regarding the new computer system.

30.     On or around April 11, 2019, Marks reprimanded Plaintiff over email for speaking with employee Jamaal Jones, falsely stating that Plaintiff's socializing behavior was problematic. In the past, prior to filing for FMLA, Marks had not reprimanded Plaintiff for socializing as she was not doing anything that all other employees did daily.

31.     Plaintiff utilized FMLA leave again on April 16, 2019.

32.     On or around April 16, 2019, Plaintiff called Marks around 7:00 a.m. and left a voicemail informing her that she would not be able to make it into the office and that she would be using FMLA leave. Marks ignored Plaintiff.

33.     Marks' behavior completely changed after Plaintiff filed for FMLA and began to use her FMLA leave time to care for her daughter. Marks began to ostracize Plaintiff, refused to speak to her except over email, and over email Marks would be short with Plaintiff.

5

Prior to Plaintiff taking FMLA leave, Marks would approach Plaintiff personally, make small talk with her, and make friendly visits to her office.

34.     Furthermore, Marks began to constantly badger Plaintiff over email, inundate Plaintiff with work, and began to unreasonably nitpick Plaintiff's work. Marks' treatment of Plaintiff was so bad that she no longer felt comfortable at work and no longer wanted to go to work.

35.     On or around April 22, 2019, Plaintiff contacted the EAP and spoke with Counselor Sabrina Pemu about how Marks was treating her.

36.     On May 10, 2019, Marks, Quaney, and Herron emailed Plaintiff stating that Plaintiff's request for leave that she had submitted on March 29, 2019, was denied. Plaintiff then scheduled an appointment with Bureau Chief Ed McFachron explaining to him the circumstances surrounding Defendant's denial of Plaintiff's request. McFachron stated that Marks should not have advised Plaintiff to resubmit her requests.

37.     On or around May 17, 2019, Plaintiff spoke with her counselor about the work-related stress she was experiencing and her counselor suggested that Plaintiff request FMLA from her employer.

38.     When Plaintiff returned from lunch on May 17, 2019, Defendant wrongfully terminated Plaintiff. When Plaintiff inquired into the reason for her termination, Defendant stated it did not need a reason. Defendant contended it no longer needed Plaintiff.

39.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws cited above.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

59.     Paragraphs 1-39 are re-alleged and are incorporated herein by reference.

60.     This is an action against Defendant for harassing Plaintiff due to using leave time, and for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA.  This is thus both an interference and retaliation claim.

61.     After requesting and trying to take leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against her.

62.     Plaintiff was denied rights and benefits conferred by the FMLA and was constructively terminated after requesting but being denied protected leave.

63.     Defendant's violations of the FMLA were willful.

64.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided.  Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job.  These damages have occurred in the past, are occurring at present and will continue in the future.  Plaintiff is entitled to injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally

7

available general and compensatory damages and economic loss to
Plaintiff from Defendant for Defendant's violations of law enumerated
herein;

(d)     enter judgment against Defendant and for Plaintiff permanently

        enjoining  Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding

        Plaintiff  attorney's fees and costs;

(f)     award Plaintiff interest and punitive damages where appropriate; and

(g)     grant such other further relief as being just and proper

        under the  circumstances, including but not limited to reinstatement.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 31st day of July, 2021.

                          Respectfully submitted,


                          /s/ Marie A. Mattox
                          Marie A. Mattox [FBN 0739685]
                          MARIE A. MATTOX, P. A.
                          203 North Gadsden Rd,
                          Tallahassee, FL 32301
                          Telephone:  (850) 383-4800
                          Facsimile:   (850) 383-4801
                          Marie@mattoxlaw.com
                          Secondary emails:
                          michelle2@mattoxlaw.com
                          marlene@mattoxlaw.com
                          ATTORNEYS FOR PLAINTIFF

8

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**SHACARA DUGANS,**

CASE NO.: 21-CA- 2021 CA 001356
FLA BAR NO.:0739685

      **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF HEALTH,**

**SUMMONS**

      **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT**
      **Department of Financial Services**
      **200 East Gaines Street**
      **Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2021.

CLERK OF THE CIRCUIT COURT

By: _____  08/03/2021
Deputy Clerk

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

**SHACARA DUGANS,**

      **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF HEALTH,**

      **Defendant.**

_____/

**CASE NO.: 21-CA-** 2021 CA 001356
**FLA BAR NO.:0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **FLORIDA DEPARTMENT OF HEALTH**
      **c/o Louise St. Laurent, General Counsel**
      **4052 Bald Cypress Way**
      **Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2021.



CLERK OF THE CIRCUIT COURT

By: _____ 08/03/2021

Deputy Clerk

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**SHACARA  DUGANS**

Plaintiff

vs                                                        CASE NO.: 2021 CA 001356

**FLORIDA DEPARTMENT OF HEALTH**

Defendant
_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Tuesday, August 3, 2021
JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.